CALLAWAY, executor, *vs.* BRIDGES, administrator, *et al.*

1. Although a guardian of a minor may have colluded with the surety on her bond and purchased from him, with the funds of the minor, under an order obtained for that purposes, a tract of land of little value and containing a less number of acres than the amount mentioned in the deed, yet where her successor in office submitted the matters between them to arbitration, claiming an amount of money and electing to abide by the contract made by the former guardian, and where the arbitrators awarded against him upon the matters submitted to them, he was bound thereby and could not, as guardian, file a bill bringing the same matter into controversy, he not alleging in the bill that he was ignorant of the fraud at the time he agreed to the submission to arbitration.

2. Where an application is made by a guardian to the judge of the superior court for leave to invest money of his ward in land, it is not necessary to have a guardian *ad litem* appointed for the minor ward.

(*a*) Where the order allowing such investment was attacked, not only on the ground that no guardian *ad litem* had been appointed, but also on the ground that it was illegal, being the result of fraudulent collusion between the former guardian and the surety on her bond; that she only intended thereby to secure a home for herself and her family ; and that the vendor transferred to her an almost worthless piece of land at a very exorbitant price, knowing when the order was granted that the price was unreasonable, unjust, illegal and inequitable, there was no error in overruling a demurrer to that portion of the bill.

November 22, 1887.
v79--48

Guardian and Ward. Arbitration and Award. *Res Adjudicata.* Fraud. Minors. Before Judge LUMPKIN. Oglethorpe Superior Court. April Term, 1887.

Reported in the decision.

W. M. & M. P. REESE; W. M. HOWARD, for plaintiff in error.

J. T. OLIVE, for defendants.

SIMMONS, Justice.

Lester, as guardian of Jesse Baker, a minor, filed his bill against Bridges and Smith, alleging that Mrs. Lula L. Bridges was appointed guardian for said Baker in the year 1878, and that she gave a bond with J. P. Smith as security, and that she subsequently received, as guardian of said minor, the sum of $1,178.40 ; that after paying certain expenses mentioned in the bill, there was left the sum of $1,043.40 ; that of this amount she loaned her husband $50, and that she loaned Smith, her security, the balance. The bill further alleges that, before said Smith became her security on said bond, it was fraudulently agreed between the guardian and said Smith that, in consideration of the said Smith's becoming security on said bond, the said Lula L Bridges would invest said money in land of said Smith, and that said land was not worth more than half of the price agreed on between them ; that said Lula L. made application to the judge of the superior court for an order authorizing her to invest said money in said land, and that said order was obtained from the judge, but that no guardian *ad litem* was appointed in the proceedings for the minor, and that said minor was not a party to said application.

The bill further alleges that after said order was obtained, the guardian abandoned the trade and refused to have the petition entered on the minutes of the court, and refused

to take said land; and that subsequently she did invest said money in said land on another and independent contract between her and said Smith as security, having been induced to do so by the threats of said Smith to immediately evict her and her family from said land, and to take his name off the guardian's bond; that she paid the said Smith $850 for 165 acres, more or less, and that said Smith knew at the time there were not 165 acres in said tract.

Smith died in March, 1882, leaving a will appointing W. R. Callaway his executor, who qualified and took the estate of said Smith into possession.

In June, 1883, Lula L. Bridges was removed from the guardianship of said minor, and complainant was appointed in her stead as such guardian. He alleges that he has never received from said Lula any assets belonging to said ward, except the land above described, and that it is almost worthless for the purpose of renting.

The complainant charges that the application and order to invest in said land were illegal, being the result of fraudulent collusion between the said Lula L. and said J. P. Smith, she only intending thereby to secure a home for herself and other members of her family; and that the said Smith put off an almost worthless piece of land upon her at an exorbitant price, and that Smith knew that it was illegal, unconscionable and inequitable. He prays that the deed may be cancelled, and that said trade be declared null and void, and that Callaway, as executor of Smith, be decreed to pay complainant, as guardian, the sums of money that said Smith had received in payment for said land; that said land transaction be declared null and void and a breach of the guardian's bond of said Lula L. and her security, and that the executor be decreed to pay the same, and that the land be returned to the estate of Smith.

The defendant filed three pleas, alleging, in substance, that after the said complainant had been appointed guardian of the said minor, he and the defendant submitted

this whole matter to arbitration, and that in that submission the complainant made certain admissions set out in said submission, amounting to an estoppel, and that in said submission the complainant insisted only upon the sum of $345; and that having sued for that amount he cannot now bring a suit for a larger amount; and that, upon the hearing of the case, the arbitrators awarded in favor of the defendant.

A demurrer was filed to these pleas by the complainant and the demurrer was sustained. The jury, on the trial, found a verdict for the complainant. The defendant moved for a new trial upon the several grounds contained in the motion, and the court overruled the motion for a new trial, and the defendant excepted and assigns the same as error.

The main ground insisted on before us was the action of the court in striking the pleas of the defendant in the court below. We think the court erred in striking these pleas. Taking the whole pleas together, as set out in the record, we are of the opinion that the complainant, in submitting these matters to arbitration, elected to abide by the contract made by the former guardian with Smith; and having so elected, and submitted it to arbitration, and the arbitrators having awarded against him upon the matters submitted to them, we think that he is bound thereby, and that he cannot as guardian file this bill bringing the same matters into controversy, not alleging in said bill that he was ignorant of the fraud alleged in his bill at the time he agreed to submit said matters to arbitration.

An eloquent appeal was made to us by the counsel for the defendant in error, to uphold this verdict, and protect the rights of a poor boy who had lost his patrimony by the fraud of his guardian and the surety on her bond. Under this appeal, and considering the findings of the jury in this case, if we were law-makers, we would make the law to suit this case, and uphold this verdict; but as our province is simply to declare what the law is, a stern

sense of duty and our loyalty to the law compel us to declare that this guardian is bound, if he was cognizant of the facts now alleged by him at the time he agreed to the arbitration.

2. We do not agree with the court below in holding that it is necessary to have a guardian *ad litem* appointed for the minor, where an application is made by the guardian to the judge of the superior court for leave to invest money in land as provided by the code. We do not think that a guardian *ad litem* is necessary in such a case. The court, however, did not err in refusing to sustain the demurrer of the defendant to that part of complainant's bill. That was not the only attack made on the order granting leave to invest these funds. While it was alleged in the bill that the order was void, for the reason that no guardian *ad litem* had been appointed, the bill further alleged that "said application and order to invest in said land was illegal, it being the result of fraudulent collusion between the said Lula L. and said Smith, she only intending thereby to secure a home for herself and other members of the family, and the said Smith to put off an almost worthless piece of land at a greatly exorbitant price, under color of law, on said minor, and knew when said order was granted that said price was unconscionable, unjust, illegal and inequitable." These allegations being in the bill, it was not error in the court to overrule the demurrer.

Judgment reversed.