14848.  SANDERSVILLE OIL MILL CO. *v.* GLOBE & RUTGERS FIRE INSURANCE CO.

STEPHENS, J.  1.  Although a loss by fire may result directly from the negligent act of the insured, the insurer is nevertheless liable under its policy of insurance, unless the policy otherwise provides, where the negligence does not amount to a fraud or is not in furtherance of an incendiary intent upon the part of the insured. 2 May on Insurance, 940; 26 C. J. 347; Henderson *v.* Western Marine & Fire Ins. Co., 10 Robinson (La. 1845), 164 (43 Am. D. 176); Wertheimer Shoe Co. *v.* United States Casualty Co. (1903), 172 Mo. 135 (72 S. W. 635, 61 L. R. A. 766, 95 Am. St. R. 500); 6 Am. & Eng. Enc. L. (2d ed.) 585. A clause in a fire-insurance policy which provides that "This company shall not be liable for loss caused . . by neglect of the insured to

use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises" does not relieve the insurer from liability for loss by fire resulting from a negligent act of the insured which occurred before the origin of the fire.

2. In a suit on the policy a charge to the effect that it is the duty of the insured to exercise ordinary care and diligence to protect the property from fire (when not applied to a situation arising under the above-quoted clause of the policy), and that where the loss occurs as a direct result of the negligence of the insured there can be no recovery under the policy, is error.

3. Where the policy provides that "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if there be kept, used or allowed on the above-described premises . . gasoline," and that "It is understood . . that any such breach or violation shall not be considered as voiding the policy or any part thereof unless such breach or violation has contributed to bring about the destruction of the property hereby insured," the liability of the insurer thereunder resulting from a fire caused by gasoline on the premises is not defeated unless the gasoline was kept, used, or allowed upon the insured's premises with some degree of permanency, as distinguished from a mere casual deposit or a mere temporary bringing of the gasoline on the premises. 19 Cyc. 736; Springfield Fire & Marine Ins. Co. *v.* Wade (1902), 95 Tex. 598 (68 S. W. 977, 58 L. R. A. 714, 93 Am. St. R. 870); London Ins. Co. *v.* Fisher, 92 Fed. 500 (34 C. C. A. 503); 14 R. C. L. 1111; 13 Ann. Cas. 532; 19 Ann. Cas. 419. It was therefore error to charge that "where the loss by fire of the property insured directly resulted from a temporary violation of a condition in a policy of insurance, such as keeping, using, or allowing gasoline or other inflammable material on the premises, the insurer would not be liable."

4. The presence on the insured's premises, without the consent of the insurer, of material such as cottonseed hulls saturated with gasoline, authorizes the inference that such gasoline was on the premises under such conditions as would violate the provisions of the policy prohibiting the keeping, using, or allowing of gasoline on the premises. This case is distinguishable from *Queen Ins. Co.* v. *Van Giesen,* 136 *Ga.* 741.

5. Where one of the defenses of the insurer was that the contract of insurance had, under the terms of the policy, become void by reason of the loss having resulted from a fire caused by the presence of gasoline upon the premises, such as would violate the provisions of the policy and render the policy void if the presence of the gasoline contributed to the destruction of the property by fire, the evidence was not sufficient to authorize the inference that the cottonseed so saturated with the gasoline contributed to the destruction of the insured property, where the only evidence tending to connect such saturated cottonseed with the cause of the fire was that the building in which such cottonseed were located, and which belonged to the insured, caught fire from an adjoining building which was burning and which belonged to the insured and was part of the insured property, and where it does not appear

that the building in which the cottonseed were located became ignited from fire communicated to the saturated cottonseed.

6. The right of a corporation which is the beneficiary under a fire-insurance policy to recover for a loss thereunder notwithstanding the loss may have been caused by the incendiary act of one of its stockholders, or one of its officials, does not exist where the innocent stockholders, by reason of the insolvency of the corporation or otherwise, would have no beneficial interest in a recovery; as where the person whose incendiary act caused the fire would be the sole beneficiary of any recovery under the policy either as owner, directly, or 'indirectly (as by dummies), of all of the stock of the insured corporation or as a creditor or surety for any of the creditors of such corporation, in either of which events the corporation's right of recovery under the policy would be defeated. Felsenthal &c. *v.* Northern Assurance Co., 284 Ill. 343 (120 N. E. 268, 1 A. L. R. 602); Meily Co. *v.* London &c. Ins. Co., 142 Fed. 873; 148 Fed. 683 (79 C. C. A. 454).

7. Where such person whose act caused the loss is not the owner of the entire stock of the corporation but owns all of the stock with the exception of a small amount and sustains such a personal and business relationship to the minority stockholders by reason of their being his kinsmen or for any other reason as to fuse or' amalgamate their interests with his and to constitute his acts their own, and he is the president of the corporation and the officer in charge having control and management of its affairs, including the custody and control of the property insured, and where he would be to all intents and purposes the owner of the entire stock of the corporation, the corporation could not recover under the policy for a loss sustained by his incendiary act. Meily Co. *v.* London & L. Fire Ins. Co., 142 Fed. 873.

8. Where in addition to the defense that the policy had become void by reason of the loss by fire having been caused by the presence of gasoline on the premises in violation of the terms of the policy the insurer defended against liability under the policy upon the ground that the loss was occasioned by the wrongful act of the insured, which was a corporation, in willfully setting fire to the property insured by and through the act of its president and "owner," a charge of the court which did not separate these two defenses but which submitted them together was calculated to confuse the jury.

9. The charge in this case was not accurately adjusted to the evidence in so far .as .it contained a hypothetical reference to fraudulent or incendiary acts of the officers of the plaintiff corporation, there being no evidence of any such acts of more than one officer of the corporation.

10. Where there is no evidence of general good character of a material witness sought to be impeached, it is error for the court, when charging the .rule relative to weighing the testimony of such witness, to state that the good character of the witness may be considered. Under the peculiar facts of this case, it cannot be said that such error was harmless.

11. In view of the above rulings it is unnecessary to pass upon other questions raised by the assignments of error.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., concurs in the judgment.*

DECIDED OCTOBER 1, 1924.

Action on fire-insurance policy; from city court of Savannah —Judge Rourke. May 7, 1923.

*E. W. Jordan, A. R. Wright, Lawrence & Abrahams,* for plaintiff.

*O'Byrne, Hartridge, Wright & Brennan, Spalding, MacDougald & Sibley, Evans & Evans, Smith, Hammond & Smith,* for defendant.

