## 63232. MOYA ENTERPRISES, INC. v. HARRY ANDERSON TRUCKING, INC.

SHULMAN, Presiding Judge.

Defendant-appellee filed a motion for summary judgment supported by a brief which included a statement of facts. Attached to the brief was a document which purported to convert the statement of facts in the brief into an affidavit. The trial court apparently accepted that document as an affidavit since it granted summary judgment to appellee. Our review of the record convinces us that the affidavit was not adequate and the judgment must be reversed.

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Code Ann. § 81A-156 (e). There was no statement in the purported affidavit to show that it was made on personal knowledge, nor was it clear from the context that the facts stated were within the personal knowledge of the affiant. Compare *Smith v. Ragan,* 140 Ga. App. 33 (1) (230 SE2d 89).

Even if we were to assume that the affidavit was made on the personal knowledge of the affiant, there is another fatal defect which would render the affidavit void: it purports to be the affidavit of the corporate defendant. It has long been the law that corporations cannot make sworn statements. *Worley Bros. Granite Co. v. Haskins,* 105 Ga. App. 444, 448 (124 SE2d 663); *Coffee v. McCaskey Register Co.,* 7 Ga. App. 425, 429 (66 SE 1032).

Since there was no valid affidavit which pierced the allegations of appellant's complaint, appellee has not shown entitlement to summary judgment. The grant of summary judgment was, therefore, reversible error.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 6, 1982.

*Cullen Hammond,* for appellant.
*W. P. Wilbanks,* for appellee.