65066. JOHNSON et al. v. CREWS et al.

QUILLIAN, Presiding Judge.
This is an appeal from a grant of summary judgment.

Appellant Johnson, and his wife seeking loss of consortium, filed this action for damages against appellees Crews, Bowen and other unknown parties alleging that Johnson was an invitee in a tavern owned by Bowen; and that Crews, another invitee, struck Johnson and inflicted injuries. It was alleged that Bowen, through his agents,

servants and employees whose names were not known, negligently allowed Crews to batter Johnson when they knew or should have known of the danger of Crews doing so. Bowen denied the allegations and moved for summary judgment supported by his own affidavit. Johnson's objection to Bowen's affidavit on the ground that it was not made on personal knowledge was apparently overruled and summary judgment granted to Bowen. *Held:*

Bowen's affidavit admitted that he was the tavern owner. He stated that Crews was known to him as a patron of the tavern, that Crews was not a violent man and never caused any trouble at the tavern, that he did not have any reason to anticipate the alleged misconduct of Crews, and that "any injury to (Johnson) was suddenly and without warning and that Affiant could not, by the exercise of reasonable care, have discovered or prevented said injury." There is no recital in the affidavit that it was made on personal knowledge or that Bowen was even present when the incident occurred.

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; as amended through 1975, pp. 757, 759).

Where an affidavit does not contain a recitation that it is made on personal knowledge but it is obvious that most of the contents and facts set forth therein were within the personal knowledge of the affiant, absent any objection to the affidavit a summary judgment based thereon is not void because of a failure to explicitly state that the contents are within the personal knowledge of the affiant. *Smith v. Ragen,* 140 Ga. App. 33 (1) (230 SE2d 89).

However, summary judgment was not upheld where "[t]here was no statement in the purported affidavit to show that it was made on personal knowledge, nor was it clear from the context that the facts stated were within the personal knowledge of the affiant." *Moya Enterprises v. Harry Anderson Trucking,* 162 Ga. App. 39 (290 SE2d 145).

In the instant case while Bowen's affidavit indicates that he had personal knowledge of Crews' prior conduct, it does not reflect that Bowen was even present at the time of the alleged battery, or that Bowen had any personal knowledge of Crews' conduct at that time or the circumstances of the battering.

In addition, Bowen's affidavit statements that he had no reason to anticipate the actions of Crews and that he could not by the exercise of reasonable care have discovered or prevented the injury are conclusions bearing on the ultimate fact to be decided.

" 'Ultimate or conclusory facts and conclusions of law . . . cannot

be utilized on a summary judgment motion.' " *Morton v. Stewart,* 153 Ga. App. 636 (2), 643 (266 SE2d 230).

Finally, " '[u]nless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication . . .' " *Charter Builders v. Sims Crane Service,* 150 Ga. App. 100 (1), 102 (256 SE2d 678).

Therefore, the trial court erred in granting summary judgment. *Judgment reversed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983.

*Phillip M. Eddings,* for appellants.
*J. Grover Henderson, James E Stein,* for appellees.