66911. POLLARD et al. v. FIRST NATIONAL BANK OF ALBANY.

SOGNIER, Judge.

First National Bank of Albany (the Bank) sued Reginald and Joan Pollard seeking in one count to obtain a deficiency judgment and in the second to cancel certain deeds. This appeal concerns the first count only. Reginald Pollard executed two promissory notes with the Bank, one in his individual capacity and one as endorser for his business, South Georgia Irrigation, Inc. After Pollard's alleged default, real property securing the notes was sold, as was certain personal property belonging to Pollard and his business, which was seized under a writ of possession. The trial court granted the Bank's motion for partial summary judgment on the first count of its complaint and the Pollards appeal.

1. Appellants contend that the the trial court erred by granting summary judgment in favor of appellee because a genuine issue of fact remains as to the amount of the indebtedness owed, if any. Appellants admitted that Reginald Pollard was indebted to appellee under the notes but raised the defense of payment.

Appellee supported its motion for partial summary judgment with the affidavit of its agent setting forth the computation of the deficiency claimed. Appellants' opposing affidavit disputed the total amount of indebtedness used by appellee to compute the deficiency and asserted that appellee had failed to credit a payment of $4900 or to subtract from the total indebtedness the sale proceeds from certain vehicles in the amounts of $5950, $1300, and $3800.

Appellants' admission of indebtedness under the notes establishes appellee's prima facie case for recovery; thus, appellee carried its initial burden of showing the absence of any material fact and of entitlement to judgment on the notes. See *Ga. Grain &c. Co. v. First Ga. Bank,* 142 Ga. App. 709, 710 (3) (236 SE2d 913) (1977). It then became incumbent upon appellants to come forward with "specific facts showing that there is a genuine issue for trial." OCGA §

9-11-56 (e) (Code Ann. § 81A-156); *Hathcock v. Nat. Bank of Ga.,* 147 Ga. App. 134 (248 SE2d 206) (1978). Appellants' bare, unsupported denial that the total amount of indebtedness from which the deficiency was computed was correct was insufficient to create a genuine fact issue. *Concept-Nat. v. DiMattina Supply Co.,* 147 Ga. App. 865, 866 (250 SE2d 552) (1978); *Hathcock,* supra; *Young v. Climatrol Southeast &c. Corp.,* 141 Ga. App. 235 (233 SE2d 54) (1977). However, we find that appellants did set forth specific facts sufficient to raise a factual issue as to whether proper credit was given for all payments and sales proceeds. While it appears from the record that the proceeds of the sales of the $1300 and $3800 items were included in appellee's computation, the record does not disclose that the $4900 payment and the $5950 sales proceeds were credited.

Ordinarily, summary judgment offers a speedy and efficient disposition of a case where there is an executed promissory note and the sole question is how much, if any, is due. Nevertheless, in this instance, appellant's specific denial that appellee had credited the amounts averred prevents us from affirming the trial court's judgment in any specific amount. See *Foskey v. Smith,* 159 Ga. App. 163, 164-165 (283 SE2d 33) (1981). Hence, we must reverse, as a question of fact remains as to what amount, if any, is due on the deficiency.

2. Appellants also contend that appellee failed to establish that appellants' collateral was disposed of in a commercially reasonable manner and with notice to appellants. See OCGA § 11-9-504 (3) (Code Ann. § 109A-9—504). However, these defenses were not raised in the pleadings or the evidence, nor were they advanced in opposition to appellee's motion for summary judgment. Accordingly, appellants' contentions cannot be considered for the first time on appeal. *Auerbach v. First Nat. Bank,* 147 Ga. App. 288, 290 (248 SE2d 551) (1978); *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 202 (2) (243 SE2d 565) (1978).

3. Appellants contend correctly that the trial court erred in awarding summary judgment against Joan Pollard, as appellee's motion for partial summary judgment was based on Count One of its complaint, which sought judgment against Reginald Pollard only. Since there was no prayer for damages against Joan Pollard in this count, the judgment against her was unauthorized and was error. *Butts County v. Pitts,* 97 Ga. App. 353, 357 (103 SE2d 150) (1958). See generally *Runyan v. Economics Lab.,* 147 Ga. App. 53, 57 (248 SE2d 44) (1978).

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984.

*George W. Woodall,* for appellants.
*James H. Moore III,* for appellee.