69231. WIGGINS v. CITIZENS & SOUTHERN NATIONAL BANK et al.
(328 SE2d 222)

McMURRAY, Presiding Judge.

The plaintiff filed this action for libel and slander on April 15, 1983, in the Superior Court of Fulton County naming The Citizens and Southern National Bank (C & S) and The Credit Bureau Incorporated of Atlanta (Credit Bureau) as defendants. On October 3, 1983, the defendant C & S filed a motion for summary judgment on behalf of both defendants. The trial court granted C & S's motion in favor of both defendants. The plaintiff appeals. *Held*:

1. The plaintiff contends the trial court erred in granting summary judgment.

An examination of the entire record demonstrates that the only evidence showing possible defamatory statements by either defendant occurred on or before November 11, 1981. Therefore, pretermitting all other issues, it is clear that the plaintiff's action is barred by the one-year statute of limitation imposed by OCGA § 9-3-33.

2. Citing *Pollard v. First Nat. Bank of Albany*, 169 Ga. App. 598 (313 SE2d 785), the plaintiff contends that the trial court erred in granting summary judgment for both defendants based on C & S's motion for summary judgment. This contention is without merit. It is

well settled that summary judgment can be granted to a non-moving party provided that the grant is proper in all respects. *Golston v. Garigan*, 245 Ga. 450, 451 (265 SE2d 590); *Massey v. Consolidated Equities Corp.*, 120 Ga. App. 165, 168 (169 SE2d 672).

In *Pollard v. First Nat. Bank of Albany*, 169 Ga. App. 598, supra, this court held a summary judgment cannot be entered against a defendant against whom no claim for affirmative relief has been asserted in the complaint. In the case sub judice, summary judgment was granted in favor of a non-moving defendant against whom relief was sought in the complaint. Therefore, this court's ruling in *Pollard v. First Nat. Bank of Albany*, supra, does not apply.

In light of this court's ruling on plaintiff's first enumeration of error, summary judgment to the non-moving defendant was proper.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1985 —
REHEARINGS DENIED FEBRUARY 27, 1985 AND MARCH 11, 1985 —

*Glenville Haldi*, for appellant.
*Jay D. Bennett, G. Lee Garrett, Jr., H. Quigg Fletcher III*, for appellees.