73279. REESE REALTY COMPANY, INC. et al. v. PAL REALTY COMPANY, INC. et al.
(355 SE2d 125)

BENHAM, Judge.

This case arose as a dispute over the splitting of a real estate commission. Appellants, a real estate brokerage firm and its principal broker, sold a piece of property shortly after their exclusive listing on the property had expired. After the expiration, but prior to the sale, an agent of appellee Pal Realty Co., Inc. ("Pal"), had procured a listing for the property. When the property was sold, Pal demanded a split of the commission. Reese Realty Co., Inc. ("Reese"), refused to pay any of the commission to Pal. When agreement could not be reached, Pal requested arbitration of the dispute by the Arbitration Committee of the Atlanta Board of Realtors, Inc. Reese agreed to submit to binding arbitration, but when the arbitrators awarded Pal half of the commission, Reese refused to pay. Pal brought suit to enforce the arbitration award. Reese answered the suit, admitting the

allegations regarding the arbitration award, but contending that it was entitled to a set-off because of the tortious conduct of an agent of Pal. That agent, McCray, had testified before the arbitrators, but had not been a named party to that proceeding. Reese alleged in a counterclaim and in a pleading designated as a third-party claim that Mc-Cray, a former employee of Reese, had, after his termination by Reese and in the scope of his employment by Pal, taken customer information and used it for Pal's benefit. This appeal is from the grant of summary judgment to Pal, its principal broker, and McCray.

1. Appellants admitted in their pleadings sufficient facts to entitle the plaintiffs in this case (Pal and its principal broker) to judgment as a matter of law. The arbitration award, entered in a proceeding before a body which appellants admit was of competent jurisdiction, encompassed, as between appellants and the plaintiffs in this action, all the issues involved in appellants' counterclaim. The only issue appellants can point to on appeal as having been outside the scope of the arbitration proceeding is the purported liability of McCray for conversion of appellants' personalty. However, even the effect of that alleged conversion on the rights and liabilities of Pal and Reese was in issue or could have been placed in issue in the arbitration proceeding since it was relevant to Pal's right to split the commission with Reese. We conclude, therefore, that the trial judge was correct in ruling that appellants are estopped by the award of the arbitrators from further contesting their liability to Pal and its principal broker. *McFadden Business Publications v. Guidry*, 177 Ga. App. 885 (1b) (341 SE2d 294) (1986); see also *Callaway v. Bridges*, 79 Ga. 753 (4 SE 687) (1887).

2. The trial court also granted summary judgment to McCray. The fact that McCray had not filed a motion for summary judgment does not, of itself, render that judgment erroneous: "It is well settled that summary judgment can be granted to a non-moving party provided that the grant is proper in all respects. [Cits.]" *Wiggins v. C & S Nat. Bank*, 173 Ga. App. 761 (2) (328 SE2d 222) (1985). We find appellants' argument in that regard particularly unavailing in light of the fact that their opposition to the motion for summary judgment was directed toward McCray as well as the other parties and the merits of the issues regarding his liability were fully raised and argued by appellants in the trial court. Cf. *Eiberger v. West*, 247 Ga. 767 (1a) (281 SE2d 148) (1981).

The grant of summary judgment to McCray was based on the same ground as the grant of judgment to Pal and its principal broker: estoppel by judgment. It is clear, however, after applying the principles of privity enunciated in *Gilmer v. Porterfield*, 233 Ga. 671 (2) (212 SE2d 842) (1975), that McCray is not in privity with Pal so as to be able to claim the benefit of an adjudication in favor of Pal. None-

theless, we do not find it necessary to reverse the judgment in favor of McCray: a judgment which is correct will not be reversed merely because the wrong reason is given for granting it. *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557) (1981).

Reese's claim against McCray, essentially, is based on the theory that Reese would not have had to split the commission with Pal if McCray had not stolen customer information from Reese after his employment with Reese had ended and then used that information for Pal's benefit. Reese filed an affidavit by its principal broker in which he stated that information regarding the listing involved here was contained in a book in Reese's office, that McCray came to the office and sat in the room where the book was kept, and that the page containing the information regarding the listing involved here was stolen. Those facts, it is clear from the context of the affidavit, are within the personal knowledge of the affiant and are to be considered notwithstanding the absence from the affidavit of a statement that the affidavit is based on personal knowledge. See *Johnson v. Crews*, 165 Ga. App. 43 (299 SE2d 99) (1983). However, the further statement in the affidavit to the effect that McCray stole the missing page of the listing book, is not so clearly within the affiant's personal knowledge. There are no facts stated which would indicate that the affiant saw the page stolen. Since that statement is no more than a conclusion of the affiant, it would not be of probative value on a motion for summary judgment. Id. In McCray's affidavit, on the other hand, he swears that he did not steal the page from Reese's listing book, that the only information he ever got from Reese was gotten while he was employed there and was for the purpose of his employment there, and that the specific information which Reese claims was stolen was procured by the affiant from a computerized listing service available to its subscribers. McCray's affidavit, like Reese's, failed to state that it was made on personal knowledge. However, unlike Reese's affidavit, McCray's concerned his own activities and was, thus, clearly based on his personal knowledge. McCray's affidavit established the legitimacy of his obtention and use of information about Reese's listings; Reese's affidavit set forth allegations and conclusory facts and was, therefore, insufficient to defeat summary judgment. *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 335 (287 SE2d 61) (1981). The record as it now stands shows that there are no questions of material fact regarding McCray's liability to Reese and that McCray is entitled to judgment as a matter of law. Cf. *McFadden*, supra, Div. 1 & 1c.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

218

*John F. Sweet*, for appellants.
*Stephen J. Anderson, William E. Sumner, Nancy Becker Hewes*, for appellees.