### 72856. LYNCH v. GEORGIA POWER COMPANY.

(348 SE2d 719)

DEEN, Presiding Judge.

Daniel R. Lynch brought suit against Georgia Power Company for injuries sustained while he was using an aluminum ladder at an apartment complex. The ladder was placed close to an electrical distribution line owned and operated by appellee and Lynch received an electrical shock. Appellant contends that Georgia Power negligently installed, operated and maintained the uninsulated high tension distribution wires too close to the apartment building.

Georgia Power brought a motion for summary judgment which was denied on April 17, 1984. The trial court held that despite the power company's contention that it complied with the applicable provisions of the National Electric Safety Code and that it had not received notification of Lynch's activities as required by OCGA § 46-3-32 (a), a genuine issue of material fact was raised by Lynch's affidavit which stated that the electrical wires were "probably" less than eight feet from the building and therefore not in compliance with the National Electric Safety Code.

Georgia Power renewed its motion for summary judgment based on the record and filed a brief which contained an excerpt from Lynch's deposition in which he stated: "Obviously, the wire is 9 feet and something inches from the perimeter of the building." The court held that the plaintiff accepted this measurement as a fact and that "based on the plaintiff's admission there is no longer any dispute as to the distance of the wires from the building." Lynch appeals from the grant of summary judgment in favor of Georgia Power. *Held*:

Appellee's second motion for summary judgment was filed on November 28, 1984, and stated that it was relying upon all the materials filed in support of the first motion, Lynch's deposition, and its brief in support of the motion. The plaintiff's deposition, however, was not included in the record on appeal. This court made inquiry about it to the court below and discovered that it was not on file.

Under OCGA § 9-11-56 (c), the trial court is authorized to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Depositions must be filed thirty days before the hearing to be considered on behalf of the movant. *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631 (278 SE2d 377) (1981). In the instant case, the deposition was

not before the trial court for consideration. Under OCGA § 9-11-56 (c), a brief in support of a motion for summary judgment is not proper evidence upon which summary judgment can be granted. Only the deposition testimony as quoted in the brief resolved the conflict of evidence which was found to exist by the trial court in ruling on the first motion. As the brief cannot be considered as evidence, a question of fact remains.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 2, 1986.

*Christopher E. Penna, George H. Connell, Jr.*, for appellant.
*Kevin C. Greene, Robert L. Pennington, Thomas C. Taylor*, for appellee.