A90A1727. SULLIVAN et al. v. FABE et al.
(403 SE2d 208)

BIRDSONG, Presiding Judge.

Francis C. and Elsie D. Sullivan appeal from the grant of summary judgment to George Fabe, as Insurance Commissioner of the State of Ohio and Liquidator of the American Druggists Insurance Company ("ADIC"), on his claims for indemnification for payments purportedly made by ADIC as bonding company for United Contractors, Inc., a company owned by the Sullivans.

The Sullivans denied liability and later moved for summary judgment based upon Mr. Sullivan's affidavit. Fabe, with leave of court, filed an untimely response to the motion which was supported by the affidavit of a Mr. Carraher, who was identified as a bond manager of ADIC. Attached and referred to in Carraher's affidavit were exhibits purportedly showing the payments made by ADIC as surety for United Contractors, Inc.

Although the Sullivans moved to strike the affidavit for failure to

comply with OCGA § 9-11-56 (e), the trial court denied the motion to strike and, based upon genuine issues created by Carraher's affidavit, denied the Sullivans' motion. Later, Fabe moved for summary judgment and supported his motion with Carraher's same affidavit and with the Sullivans' answers to Fabe's interrogatories. The Sullivans responded to Fabe's motion, renewed their own motion for summary judgment, and again moved to strike Carraher's affidavit. Their response was supported by another affidavit from Mr. Sullivan. Again finding genuine issues, the trial court denied the motions.

Subsequently, however, Fabe renewed his motion for summary judgment and supported it again with Carraher's same affidavit and also with affidavits from custodians of the bonds issued by ADIC on behalf of United Contractors. Copies of the bonds were attached to the affidavits. The Sullivans adopted their earlier responses and renewed their motions for summary judgment. Thereafter, the trial court denied the Sullivans' motions and granted Fabe's motion for summary judgment.

The Sullivans' appeal alleges that the trial court erred by granting Fabe's motion for summary judgment, by denying their motions for summary judgment, and by denying their motions to strike. *Held*:

1. OCGA § 9-11-56 (e) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Additionally, "[i]n ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cits.]" *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843).

These criteria require examination of the affidavits individually, and due to the procedural history of the case, we must consider the affidavits as both in support of and in opposition to the various motions. We begin with Mr. Sullivan's affidavits since Fabe would be under no obligation to respond to the Sullivans' motion unless Sullivan's motion pierced the allegations of the complaint. *Doughty v. Associates Commercial Corp.*, 152 Ga. App. 575, 576 (263 SE2d 493).

Mr. Sullivan's first affidavit supporting the Sullivans' motion for summary judgment stated: "I am the president and sole owner of United Contractors Inc. . . . Neither I nor my wife owe the plaintiff anything. . . . Since no documents have been received from plaintiff, it is the belief of this defendant that the allegations in the complaint arise from two construction jobs undertaken by United Contractors

Inc. which were finished in the early part of 1983. . . . No documents were attached to the complaint. None of the debts alleged in the complaint would be the responsibility of these defendants or of United Contractors Inc. as the jobs covered by any bonds or indemnity agreements were properly finished, accepted, and paid off." Mr. Sullivan's affidavit also denied knowledge of the general indemnity agreement or of the bonds.

Mr. Sullivan's second affidavit repeated his assertion that the debts alleged in the complaint were not the responsibility of the defendants, and also stated his "belief" that the allegations in the complaint arose from two of United Contractors' jobs which were completed in early 1983, stated that "no bonds were ever issued by plaintiff ADIC on behalf of United Contractors," and also stated that "ADIC never paid any amounts which would have been an obligation, agreement, contract or otherwise, of any kind of United Contractors Inc. nor of these defendants." Mr. Sullivan's affidavit denied that the payments referred to in Mr. Carraher's affidavit "were any obligation, agreement, contract or otherwise" of United Contractors or of the Sullivans, denied that "any such payments were for services duly rendered" to United Contractors, denied that "said payments were customary, reasonable or necessary and [denied] that said payments were proper under the alleged Indemnity Agreement or under any bonds that may have been issued." The second affidavit also denied "that any payments ADIC made were made in good faith after due investigation by ADIC representatives as any such payments were not made to satisfy any obligations or agreement of United Contractors Inc."

Considering the affidavits for compliance with OCGA § 9-11-56 (e), it is evident that while Mr. Sullivan's affidavits meet the requirements of personal knowledge and competence to testify (see *Chandler v. Gately*, 119 Ga. App. 513, 517 (167 SE2d 697)), not all the matters stated are facts admissible in evidence. The statement that "neither I nor my wife owe the plaintiff anything" is not one of fact, but a conclusion or allegation of the ultimate fact which is not sufficient to support a motion for summary judgment. *ARA Transp. v. Barnes*, 183 Ga. App. 424, 428 (359 SE2d 157); *Johnson v. Crews*, 165 Ga. App. 43, 44-45 (299 SE2d 99).

Further, the statements that "none of the debts alleged in the complaint would be the responsibility of these defendants or of United Contractors Inc." are also conclusions. Moreover, these conclusions are also qualified by Mr. Sullivan's statement that it was his "belief" the allegations concerned two particular jobs. Merely stating this belief is not the same as stating as specific fact that the complaint concerned those jobs. See *Richard A. Naso & Assoc. v. Diffusion*, 194 Ga. App. 201, 204 (390 SE2d 106). Further, Mr. Sullivan's

mere denials that ADIC took certain actions are conclusions which are also not statements of specific fact. *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387, 389 (196 SE2d 674).

Consequently, the Sullivans were not entitled to summary judgment on their motions for summary judgment regardless of the sufficiency of Fabe's responses or whether the first response was timely filed. Since the Sullivans' renewed motions all depended upon the matters stated in Mr. Sullivan's affidavits to pierce the allegations of Fabe's complaint, they were all properly denied. Therefore, the trial court did not err by denying the Sullivans' various motions for summary judgment.

2. Additionally, we find no error in the denial of the Sullivans' motion to strike Carraher's affidavit for noncompliance with OCGA § 9-11-56 (e). As the trial court was required to determine whether any portion of the affidavit complied with the Code section and consider those parts of the affidavit, it would have been improper for the trial court to strike the affidavit in its entirety. *Moon v. Yancy*, 186 Ga. App. 19, 20 (366 SE2d 357); *Ford v. Ga. Power Co.*, 151 Ga. App. 748, 749 (261 SE2d 474) (physical precedent only); *Henry v. Polar Rock &c.*, 143 Ga. App. 189, 190 (237 SE2d 667). We also find no error in the trial court considering Fabe's motion to file his untimely response to the Sullivans' motion. See *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64 (374 SE2d 785).

3. In determining whether the trial court erred by granting Fabe's motion for summary judgment, we must also measure Mr. Carraher's affidavit against the criteria set forth above. This task is made easier because Fabe used the same affidavit, without modification or amendment, both in support of his motions and in opposition to the Sullivans' motions. Additionally, while Fabe attempted in the trial court to use a brief to explain the inconsistency between the job title given by Mr. Carraher in his affidavit and that given for him in Fabe's answers to the Sullivans' interrogatories, "a brief in support of a motion for summary judgment is not proper evidence upon which summary judgment can be granted." *Lynch v. Ga. Power Co.*, 180 Ga. App. 178, 179 (348 SE2d 719).

The affidavit states: "My name is John Carraher, I am over the age of eighteen years and I have personal knowledge of the matters stated in this Affidavit. . . . I am Bond Manager of American Druggists' Insurance Company ('ADIC')." The affidavit stated that the Sullivans executed a general indemnity agreement in favor of ADIC, that through "executing the general indemnity agreement, the Sullivans obligated themselves to personally reimburse ADIC" for losses incurred as a result of the bonds, that in reliance on the general indemnity agreement ADIC issued certain bonds on behalf of United Contractors, Inc., and that as a result of issuance of the bonds ADIC

incurred certain losses. The affidavit then listed certain payments were made as indicated in exhibits attached to Carraher's affidavit, and stated: "said payments were for services duly rendered to United Contractors" or, in one instance, "said payment was for services duly rendered to Controls Company." Mr. Carraher's affidavit also stated that United Contractors failed to make the payments referred to above and that "payments ADIC made on behalf of United Contractors, Inc. were made in good faith after due investigation by ADIC representatives."

The exhibits attached to the affidavit to show the payments by ADIC, however, with the exception of the indemnity agreement which contained the notarized signatures of the persons executing the agreement, were neither sworn nor certified.

Additionally, Mr. Carraher's affidavit gives no indication whether the "personal knowledge" was gained through personal involvement with the matter, whether it was gained from others, or whether it was based merely upon review of the exhibits attached to his affidavit. See *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 811 (374 SE2d 544); *Johnson v. Crews*, supra. Indeed, the statement that any payments were made after investigation by "ADIC representatives" creates doubt that Mr. Carraher participated in those investigations and payments. This doubt is reinforced by the extract from Fabe's answers to the Sullivans' interrogatories, filed with the Sullivans' motion to strike Mr. Carraher's affidavit, saying that Carraher was a bond manager for the Ohio Department of Insurance. This extract may be considered since it was filed in the record. *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (352 SE2d 604); *Ford v. Ga. Power Co.*, supra. Further, Mr. Sullivan's second affidavit stated that neither he nor his company knew of Mr. Carraher and that they had no dealings with him. Accordingly, giving the Sullivans the benefit of any doubts arising from this evidence (*Moore v. Goldome Credit Corp.*, supra), we must conclude that Carraher's information about this matter did not come from his personal knowledge.

Further, nothing in the affidavit complied with the requirement of OCGA § 9-11-56 (e) that the affidavit show affirmatively Carraher was competent to testify about the matters stated in his affidavit. *Chandler v. Gately*, supra (" '[a] witness can not state his mere conclusion that others than himself knew a fact.' "). Cf. *Ireland v. Matthews*, 120 Ga. App. 510, 511 (171 SE2d 387). "Although [Carraher's] affidavit states that it was made on personal knowledge, the affidavit sets forth conclusions without laying the necessary foundation therefor, not facts as would be admissible in evidence, and it nowhere shows that [Carraher] is competent to testify to the conclusory statements. . . ." *Tony v. Pollard*, 248 Ga. 86, 88 (281 SE2d 557). Further, since a trial court must consider its ultimate admissibility when con-

sidering evidence supporting a motion for summary judgment (*Wilson v. Nichols*, 253 Ga. 84, 86 (316 SE2d 752); *Skinner v. Humble Oil &c. Co.*, 145 Ga. App. 372, 374 (243 SE2d 732)), the absence of any indication that Carraher was competent to testify about these matters from his personal knowledge should have precluded their consideration in this case. *Morris-Bancroft Paper Co. v. Coleman*, supra. Therefore, the statements in the affidavit should have been disregarded. See *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868, 870 (389 SE2d 386); *Parlato v. MARTA*, 165 Ga. App. 758, 759 (302 SE2d 613); *Oglesby v. Farmers Mut. Exchange*, supra.

Further, the attachments to Mr. Carraher's affidavit are not competent to establish that ADIC incurred any liability on the Sullivans' behalf. Pretermitting whether the notarized signatures on the general indemnity agreement are "sworn or certified" within the meaning of OCGA § 9-11-56 (e), the general indemnity agreement merely establishes that the Sullivans agreed to become liable for any payments which ADIC made on their behalf. The remaining attachments are essential to establish that ADIC made such payments of expenses, and as they are neither sworn nor certified, they do not satisfy the criteria in OCGA § 9-11-56 (e); *Bush v. Legum*, 176 Ga. App. 395, 396 (336 SE2d 284). Since Carraher's affidavit does not contain the information necessary to satisfy the requirements of OCGA § 24-3-14, the exhibits to the affidavit also may not be considered as business records. *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 557-558 (254 SE2d 881). Consequently, as the documents do not appear elsewhere in the record, they also should have been disregarded. *Jones v. Rodzewicz*, 165 Ga. App. 635, 636 (302 SE2d 402). See also *Loving v. Nash*, 182 Ga. App. 253, 255 (355 SE2d 448): "The requirement that [documents referred to in the affidavit] be certified or be a part of the record, arises out of the hearsay nature of the . . . document." The cases cited by Fabe supporting consideration of these documents, e.g., *Sam Finley, Inc. v. Barnes*, 156 Ga. App. 802 (275 SE2d 380); *United Rental Systems v. Safeco Ins. Co.*, 156 Ga. App. 63 (273 SE2d 868), are not summary judgment cases, and hence are not persuasive.

Further, the bonds finally submitted by Fabe in the absence of competent evidence showing that ADIC paid debts that the Sullivans promised to repay, are not sufficient to support the grant of summary judgment. Accordingly, there is no competent support for Fabe's motion, and the trial court erred by granting summary judgment.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1991 —
REHEARING DENIED MARCH 5, 1991 —

Douglas R. X. Padgett, for appellants.
Dow, Lohnes & Albertson, Jean B. Blumenfeld, for appellees.