## A02A0550. SEWELL SALES & SERVICE, INC. v. TRAVELERS INDEMNITY OF AMERICA.
### (566 SE2d 346)

POPE, Presiding Judge.

A fire caused by faulty wiring near a dishwasher damaged a condominium and some of the owner's personal property. The two insurance companies who compensated the condominium association and the condominium owner for the damages brought suit against Sewell Sales & Service, Inc. alleging that its agent's negligent installation of the dishwasher caused the fire. Sewell sought summary judgment for the claims against it, and we granted Sewell's application for interlocutory appeal of the trial court's denial of that motion. We partially reverse the trial court's decision.

For the purpose of summary judgment, the facts are mostly undisputed. On September 13, 1991, Doris Mundy purchased a new dishwasher to replace an existing one, and Joe Brand, then a Sewell employee, installed it that day. He connected the dishwasher to the condominium's branch wiring by properly using a wire nut twist inside the dishwasher's junction box. But the first 18 inches of wire running from the dishwasher were an extension of the main wiring in the condominium. And, the connection between the 18-inch segment and the main wiring was improperly made; the wires were "crimped" together outside of a junction box. The parties' experts agree that the fire was caused by that faulty connection.

Brand denies that he added the 18-inch segment and denies that he saw the connection between that segment and the main wiring or noticed the bad connection while he was installing the appliance. He also states that if he had seen the connection in question, he would have "replaced the crimp sleeve connectors with wire units and would have used a junction box."

On September 12, 1995, almost exactly four years after the dishwasher was installed, a fire caused by the faulty wiring caused $160,000 damage to some structural elements of the building owned by the condominium association, and $60,000 damage to both the real property and personal property of Mundy. Travelers of Illinois as subrogee for Mundy and Travelers of America as subrogee to the condominium association both filed suit against Sewell on February 9, 1999, over seven years after Brand installed the dishwasher. The two cases were consolidated in the trial court.

1. Sewell claims the trial court improperly denied its motion for summary judgment because there is no evidence that Brand was negligent. Sewell relies on Brand's denial, in his affidavit, that he added the 18-inch segment or that he saw the improper connection of that segment to the main wiring. The insurance companies rely on the inference that "it is reasonable to infer that people do not re-wire properly working dishwashers," and that therefore, "the improperly crimped connection was probably made by the person who installed the dishwasher (i.e., Sewell's employee)." But the insurance companies have no other evidence that Brand installed the 18-inch segment. Their expert also opined that based on his review of the dishwasher, the 18-inch segment, and pictures from the fire, even if Brand did not install the 18-inch segment, a qualified electrician should have noticed the faulty wiring and replaced it.

> Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. If this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it must demand a finding of fact on the issue in favor of the plaintiff.

(Citations and punctuation omitted.) *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 892 (1) (473 SE2d 213) (1996). The inference relied on by the insurance companies to assert that Brand must have added the 18-inch segment applies equally well to the person who installed the original dishwasher in the condominium. Therefore, it is consistent with Brand's testimony. And, it does not demand a finding of fact that Brand added the segment. Therefore, Brand's direct and positive testimony that he did not add the segment is unrebutted. Partial summary judgment should have been granted on this point.

However, the insurance companies' expert's opinion that Brand should have seen and repaired the faulty connection is sufficient to create an issue of fact because it is contradictory to Brand's testimony. Therefore, summary judgment was properly denied on this allegation of negligence.

2. Sewell also claims that, to the extent the insurance companies claim damage to realty, their claims are barred by OCGA § 9-3-30 because more than four years passed between when Brand installed the dishwasher and when suit was filed.

First, Sewell's argument is dependent on finding that the wiring was real and not personal property. The insurance companies argue

that OCGA § 9-3-30 does not apply because Brand's alleged negligence damaged the dishwasher, or an extension thereof, and a dishwasher is personal property. But, wiring is run throughout a structure wherever needed to provide electricity. Wiring can be extended when the structure is built or at anytime thereafter. The point in time when wiring is added does not alter the fact that it is intended to be a permanent part of the realty. There is no evidence that the owner intended to remove the 18-inch segment upon a sale of the property. Also, there is no evidence that the segment was a part of the dishwasher. Therefore the alleged negligence damaged real property. Cf. *Mullis v. Southern Co. Svcs.*, 250 Ga. 90, 93-94 (4) (296 SE2d 579) (1982).

With regard to accrual of the statute of limitation for damage to real property, Sewell is partly correct. The insurance companies, as subrogees, stand in the shoes of the two relevant property owners — Mundy and the condominium association. For claims made by the owner of real property for damages resulting from negligent installation, design, or construction of that real property, the four-year limitation period accrues at the time of the negligence, not upon discovery of the negligence. See, e.g., *Travis Pruitt & Assoc. v. Bowling*, 238 Ga. App. 225, 226 (1) (518 SE2d 453) (1999); *Heffernan v. Johnson*, 209 Ga. App. 139, 140 (433 SE2d 108) (1993) (substantial completion). But for claims made by an owner of real estate for damages arising out of the negligent installation, design, or construction of someone else's real property, an action for damage to realty accrues at the time of the injury. *Travis Pruitt*, 238 Ga. App. at 226 (1); *Atlanta Gas Light Co. v. City of Atlanta*, 160 Ga. App. 396, 398 (1) (a) (287 SE2d 229) (1981). As explained in *Atlanta Gas Light*, "[i]n such a situation, it is not the owner's property which suffers immediately from the defect but [someone else's], and it is totally unreasonable to expect the owner to discover it or assume responsibility for its repair. . . ." Id. at 398 (1) (a).

Accordingly, if the wiring is owned by Mundy, Travelers of Illinois's claim for repairs to Mundy's condominium is barred by OCGA § 9-3-30 because her real property was damaged at the time of the alleged negligent repair. In that case, under the rule established in *Atlanta Gas Light*, 160 Ga. App. at 398 (1) (a), Travelers of America's claim for repairs to the condominium association's real property is not barred because its property was not damaged by the negligent repair but by the fire. If the association owns the wiring, the outcome is reversed. But, because Sewell failed to show who owned the wiring, the trial court's denial of summary judgment was not error. Sewell is not precluded from seeking summary judgment again.

Although the trial court held that all rights of action accrued on September 12, 1995, the date of the fire, because the dishwasher and

wiring were personalty and not improvements to real property, a judgment right for any reason will be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989).

Regardless of who owns the wiring, Mundy's personal property located in the condominium was not injured by the negligence but by the fire, and therefore the four-year limitation period for injuries to personalty did not run on that claim. *U-Haul Co. &c. v. Abreu & Robeson, Inc.*, 247 Ga. 565, 567 (277 SE2d 497) (1981). See also OCGA § 9-3-31.

*Judgment affirmed in part and reversed in part. Ruffin and Barnes, JJ., concur.*

DECIDED MAY 23, 2002.

*Cozen & O'Connor, Christopher J. York, Allan Levin*, for appellee.