## A02A1240. CRISLER v. FARBER et al.

(574 SE2d 577)

BARNES, Judge.

Samuel L. Crisler appeals the grant of summary judgment to Sidney J. Farber a/k/a Skeet Farber, Donald A. Jackson, Bob Purcell, Derrick Sorrow, and Sam Shuman on his claims against them for

injunctive relief, negligence, breach of contract, slander, libel, fraud, and attorney fees because of a liability release that he allegedly signed. On appeal, he contends the trial court erred by granting summary judgment because issues of fact exist about the validity of the document. He also argues that, because the document was a covenant not to sue without consideration, even if it was a release, the document was signed without consideration and does not discharge the type of liability asserted in his complaint.

This appeal arises from litigation initiated by Crisler after he was placed on probation and then suspended from a hunting club for violation of the club's bylaws. After the club's lease to the land used for hunting was terminated, allegedly because of Crisler's actions, the club disbanded. The defendants were officers and members of the club.

After Crisler filed his complaint and amended complaint and the defendants filed their answer and amended answers, the defendants moved to dismiss the complaint, contending Crisler had released all claims and liability against them. In support of the motion, the defendants filed a brief with a copy of the release attached. The defendants also relied upon Crisler's answer to their request for admissions.

Because the defendants' motion to dismiss relied upon facts outside of the record, the trial court converted the motion to dismiss to one seeking the grant of summary judgment. See OCGA § 9-11-12 (b). The trial court then gave Crisler 30 days in which to respond to the motion. In his response to the motion, Crisler asserted that genuine issues of material fact existed and disputed the authenticity and validity of the release.

Crisler submitted an affidavit in opposition to the defendants' motion asserting that he did not remember signing such a document and that he believed it was a forgery. At his deposition, Crisler testified that he did not recall ever signing such a release, but that it was possible he signed it, although he did not recall signing one recently. He did not deny that he may have signed such a document at one time. In Crisler's mind, recently meant within the last five years.

Subsequently, the trial court granted the defendants' motion for summary judgment on all counts of the complaints. This appeal followed. Because we find that the evidence does not warrant the grant of summary judgment, we must reverse.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion.

*Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). In summary judgment proceedings, the rules on admissibility of evidence apply, and hearsay has no probative value unless it is part of the res gestae. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a) (397 SE2d 576) (1990). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. Pretermitting the other errors raised in Crisler's enumeration of errors, we find that the defendants' motion was not sufficient to establish their entitlement to summary judgment. "The burden on summary judgment is on the movant to show that there is no genuine issue of material fact and that [he] is entitled to judgment as a matter of law." *Riley v. H & H Operations*, 263 Ga. 652, 655 (3) (436 SE2d 659) (1993). Because the defendants' motion for summary judgment was based on an affirmative defense, they had the burden of proving their defense to Crisler's claims. *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 691 (2) (458 SE2d 876) (1995). Their evidence failed to carry this burden.

The defendants merely attached the document they term a release to the brief in support of their motion. "[A] brief in support of a motion for summary judgment is not proper evidence upon which summary judgment can be granted." *Lynch v. Ga. Power Co.*, 180 Ga. App. 178, 179 (348 SE2d 719) (1986). Further, the document itself is unsworn, and unsworn allegations are not evidence. *Hassell v. First Nat. Bank &c.*, 218 Ga. App. 231, 232 (2) (461 SE2d 245) (1995).

The defendants' reliance on Crisler's response to their request for admissions is misplaced. They contend that because Crisler answered that he was without sufficient information or belief to admit or deny whether the release was "a true and accurate copy of the 'Agreement of Member of Jon's Hunt Club' signed by you on 8/25/90," under OCGA § 9-11-36 (a) (2) his response is the same as an admission. Although it is true that OCGA § 9-11-36 (a) (2) states that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny," OCGA § 9-11-36 (a) (3) states that

> [t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of

this subsection, it may order either that the matter is admitted or that an amended answer be served.

Further, this court has held that "an insufficient answer may be deemed an admission by the court only after the requesting party has questioned by motion the sufficiency of the answers and a hearing on the motion has been held." *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 652 (1) (334 SE2d 188) (1985). As the defendants did not obtain a ruling from the trial court under OCGA § 9-11-36 (a) (3), they cannot rely on OCGA § 9-11-36 (a) (2). Crisler's deposition testimony, noted above, which disputes the authenticity of the release, also does not authenticate the release so that it would be admissible in evidence against him.

Accordingly, Crisler had no burden to respond to the defendants' motion because it did not establish that the defendants were entitled to judgment. *Sullivan v. Fabe*, 198 Ga. App. 824, 825 (1) (403 SE2d 208) (1991).

3. As the appellees have not established the authenticity of the release, we need not address the other issues raised by Crisler in this appeal.

Thus, as the trial court erred by granting summary judgment to the defendants, the grant of summary judgment must be reversed.

*Judgment reversed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED NOVEMBER 19, 2002.

*George C. Creal, Jr.*, for appellant.
*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellees.