*Gary V. Bowman,* for appellant (case no. A03A2080).
*Jeffrey W. Cofer,* for appellant (case no. A03A2081).
*Steven M. Frey, Lloyd J. Matthews,* for appellant (case no. A03A2082).
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.

## A03A2358. CONOLY et al. v. PAYNE.
(593 SE2d 745)

MILLER, Judge.

Brenda and Jack Conoly appeal from the trial court's order dismissing their claims against Tamara Payne for personal injuries suffered by Brenda and for Jack's loss of consortium. Before Payne was served with the Conolys' complaint, the statute of limitation had expired on Brenda's personal injury claim but not on Jack's loss of consortium claim. Accordingly, we affirm the portion of the trial court's order dismissing Brenda's personal injury claim, but reverse the dismissal of Jack's loss of consortium claim.

The record reveals that the Conolys filed a personal injury and loss of consortium lawsuit against Payne on January 29, 2002, based on a car accident (in which Brenda was injured) that occurred on March 6, 2000. The Conolys served Payne with their complaint on December 18, 2002. Payne moved to dismiss Brenda's personal injury claim, because she was served with such claim over five days outside of the two-year statute of limitation and the Conolys had not acted in a reasonable and diligent manner in their attempts to serve her. See, e.g., *Patterson v. Johnson,* 226 Ga. App. 396, 397 (486 SE2d 660) (1997). The trial court dismissed not only Brenda's personal injury claim against Payne but Jack's loss of consortium claim as well. The Conolys appeal, challenging only the dismissal of Jack's loss of consortium claim.

The Conolys contend, and Payne correctly concedes, that the trial court erred in dismissing Jack's loss of consortium claim. Although the statute of limitation for Brenda's personal injury claim was two years, the statute of limitation for Jack's loss of consortium claim was four years. OCGA § 9-3-33. Thus, the trial court erred in dismissing Jack's loss of consortium claim when such claim was timely filed and served on Payne. See *Bohannon v. Futrell,* 189 Ga. App. 340, 341 (1) (375 SE2d 637) (1988), aff'd, *Bohannon v. J. C. Penney Cas. Ins. Co.,* 259 Ga. 162 (377 SE2d 853) (1989). We affirm the portion of the trial court's order dismissing Brenda's personal injury

claim and reverse the portion of the order dismissing Jack's loss of consortium claim.

*Judgment affirmed in part and reversed in part. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JANUARY 26, 2004.

*Houston & Warren, Carl M. Warren*, for appellants.
*Harper, Waldon & Craig, John B. Craig, Cooper & Makarenko, Gary M. Cooper*, for appellee.