A04A0395. STAMSCHROR v. ALLSTATE INSURANCE
COMPANY.
(600 SE2d 751)

MIKELL, Judge.

We granted Jim Stamschror's application for interlocutory review of the trial court's denial of his motion for summary judgment in Allstate Insurance Company's ("Allstate") subrogation action to determine whether the action is barred by the statute of limitation. For the reasons set forth below, we reverse in part and affirm in part.

The relevant facts are largely undisputed. Billie Dees entered into a contract for the construction of a home in Valdosta. Stamschror, an electrical subcontractor, installed the electrical wiring for the air conditioning and heating system in the residence. The home passed final inspection on August 22, 1994, and Dees closed on her contract the following day. She procured insurance for the property from Allstate. On December 25, 1998, the home was nearly destroyed by a fire. Allstate paid Dees $126,604.89, representing the cost to repair the structure, replacement of its contents, and living expenses, and Dees subrogated her rights to Allstate. On April 26, 2001, Allstate filed the instant action against Stamschror, alleging that the fire was caused by his negligent installation of the electrical system. Stamschror moved for summary judgment, arguing that the suit was barred by the applicable statute of limitation, OCGA § 9-3-30. The trial court denied the motion, and subsequently denied Stamschror's

motion for reconsideration as well. The court certified its order denying reconsideration for immediate review.

OCGA § 9-3-30 (a) provides that "[a]ll actions for . . . damage to realty shall be brought within four years after the right of action accrues." Stamschror argues that any cause of action based on his installation of the electrical wiring accrued when the property was substantially completed. As to the claim for damage to the realty, we agree.

First, we note that Allstate's claim is subject to any defenses that could have been asserted against its subrogor.[1] The subrogor in this case is the owner of the property in question. A cause of action brought by the owner of real property for negligent construction, design or installation of that real property accrues on the date of substantial completion of the project,[2] not upon discovery of the negligence.[3] The "discovery rule" is confined to cases of bodily injury and does not apply to actions seeking recovery for property damage only.[4]

Allstate argues that the limitation period begins to run from the date of the damage, citing *Travis Pruitt & Assoc. v. Bowling.*[5] In that case, we stated that "a cause of action in negligence accrues and the statute of limitation begins to run when there is a negligent act *coupled with a proximately resulting injury.* The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained her action to a successful result."[6] But we applied the rule to a claim brought by a landowner against an engineering firm that designed a neighboring subdivision, distinguishing cases involving alleged negligent construction and design of property owned by the plaintiff at the time of the negligence.[7]

In this case, because the house was under contract to Dees at the time of substantial completion, she is deemed the owner for statute of limitation purposes, even though title had not yet passed to her.[8] It is undisputed that construction of the house, including the electrical

---

[1] *Maryland Cas. Ins. Co. v. Welchel,* 257 Ga. 259, 262 (2) (356 SE2d 877) (1987).

[2] *Mitchell v. Contractors Specialty Supply,* 247 Ga. App. 628, 629 (544 SE2d 533) (2001); *Hanna v. McWilliams,* 213 Ga. App. 648, 649 (2) (446 SE2d 741) (1994); *Fort Oglethorpe Assoc. II v. Hails Constr. Co. &c.,* 196 Ga. App. 663, 665 (3) (396 SE2d 585) (1990).

[3] *Sewell Sales & Svc. v. Travelers Indem. &c.,* 255 Ga. App. 531, 533 (2) (566 SE2d 346) (2002).

[4] *Corp. of Mercer Univ. v. Nat. Gypsum Co.,* 258 Ga. 365, 366 (1) (368 SE2d 732) (1988); *Hanna,* supra.

[5] 238 Ga. App. 225 (518 SE2d 453) (1999).

[6] (Citations omitted; emphasis in original.) Id. at 226 (1). Accord *Colormatch Exteriors v. Hickey,* 275 Ga. 249, 251 (1) (569 SE2d 495) (2002).

[7] *Travis Pruitt & Assoc.,* supra at 225; see also *Sewell Sales,* supra.

[8] See *Colormatch Exteriors,* supra at 251 (2).

wiring which allegedly caused the fire, was completed more than four years prior to the filing of Allstate's action. Therefore, its claim for damage to the real property is barred by the statute of limitation, and the trial court erred in denying Stamschror's motion for summary judgment on that claim. However, Allstate's claim for damage to personal property accrued on the date of the fire.[9] That claim is governed by a four-year statute of limitation.[10] As Allstate filed suit within the limitation period, the trial court correctly denied summary judgment on the claim for damage to Dees's personalty.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 4, 2004.

*Coleman, Talley & Newbern, George T. Talley, Timothy M. Tanner*, for appellant.
*Simpson & Cross, Ralph F. Simpson*, for appellee.

---

[9] *Sewell Sales*, supra at 534 (2).
[10] OCGA § 9-3-31.