A06A1829. PARKER et al. v. SILVIANO et al.
(643 SE2d 819)

ADAMS, Judge.

On March 27, 2002, Jackie G. Parker was allegedly injured when a vehicle driven by Elias Esteban Silviano rear-ended his car. Parker and his wife Carolyn filed claims, respectively, for personal injury and loss of consortium against Silviano and his employer Anthony Peterson on March 19, 2004, approximately one week before the two-year statute of limitation on the personal injury claims expired. OCGA § 9-3-33. Silviano entered a special appearance and moved to dismiss on the ground that the Parkers had failed to diligently serve him as they did not obtain service until ten days after the statute had run on the personal injury claims.[1] Peterson moved for summary judgment asserting that no evidence supported the Parkers' claim of negligent entrustment against him. The trial court granted both motions and the Parkers appeal.

1. Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of

---

[13] See OCGA § 23-3-60 et seq.; *Smith,* supra.
[1] The Parkers served Peterson on March 25, 2004, within the statutory period.

filing is dependent upon the diligence exercised by the plaintiff in perfecting service.

(Citation and punctuation omitted.) *Moody v. Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006). The Parkers have the burden of showing that they exercised due diligence in obtaining service "as quickly as possible" after the expiration of the limitation period. *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (1) (571 SE2d 418) (2002). See also *Moore v. Wilkerson*, 283 Ga. App. 340, 341 (641 SE2d 578) (2007); *Swain v. Thompson*, 281 Ga. 30, 32 (635 SE2d 779) (2006). The trial court must look at all the facts and determine whether the plaintiff met this burden. *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 438 (626 SE2d 628) (2006). "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citation omitted.) *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006).

The complaint in this matter was filed on March 19, and the statute of limitation expired no later than March 27, 2004. Silviano was served on April 6, eighteen days after the complaint was filed and ten days after the statute of limitation expired. In opposing Silviano's motion to dismiss, the Parkers relied upon an affidavit from the special process server they hired averring that she obtained service upon Silviano on April 6 at an address in Alpharetta. They also rely upon the unauthenticated, hearsay evidence of their process server's invoice indicating that five attempts were made to serve Silviano at two other addresses. See generally *Crisler v. Farber*, 258 Ga. App. 456, 458 (2) (574 SE2d 577) (2002) (unsworn allegations are not evidence). The trial court found that this was insufficient to prove that the Parkers acted diligently in obtaining service because it failed to show what efforts, if any, were made to verify or validate Silviano's address during the period of attempted service. Thus, the trial court found that it was unable to determine whether the Parkers had unreasonably relied upon stale information or whether they made reasonable efforts to obtain service as quickly as possible.[2]

We cannot say that the trial court abused its discretion in reaching this conclusion. Although service was obtained within a relatively short time after the statute expired, the time period alone does not establish diligence. Compare *Lee v. Kim*, 275 Ga. App. 891

---

[2] Despite the Parkers' assertions to the contrary, we find nothing in the trial court's order to indicate that it improperly held them to the "greatest possible diligence" standard, which is applicable once a plaintiff learns that his attempts at service have not been successful. See, e.g., *Carmody v. Hill*, 248 Ga. App. 437, 438 (546 SE2d 545) (2001).

(622 SE2d 99) (2005) (service 13 days after complaint filed does not alone establish laches). The Parkers bore the burden of proving that they obtained service as quickly as possible after the expiration of the limitation period. "As the burden rests on [plaintiffs] to ensure diligent service, [they] must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Citation omitted.) *Zeigler v. Hambrick*, 257 Ga. App. at 357 (2). The lack of such evidence in this case authorized the trial court to find that the Parkers failed to meet this burden, and we affirm the portion of the order dismissing the complaint as to Jackie G. Parker's claim of personal injury against Silviano.[3] Compare *Parker v. Shreve*, 244 Ga. App. 350 (535 SE2d 332) (2000) (physical precedent only) (holding that trial court abused discretion in dismissing complaint served 12 days after statute expired, where plaintiff provided detailed account of attempts to obtain proper address and to perfect service within that period).

But the Parkers' complaint also alleged a claim by Carolyn Parker for loss of consortium. The statute of limitation for a claim of loss of consortium is four years, OCGA § 9-3-33, and thus Silviano was served well within the limitation period on that claim. "The running of limitation for a personal injury claim does not bar a derivative loss of consortium claim. [Cits.]" *Whitten v. Richards*, 240 Ga. App. 719, 722 (2) (523 SE2d 906) (1999). We, therefore, find and Silviano concedes that the loss of consortium claim remains valid. Accordingly, we reverse the portion of the trial court's order dismissing Carolyn Parker's loss of consortium claim. *Conoly v. Payne*, 265 Ga. App. 287 (593 SE2d 745) (2004).

2. The Parkers next assert that the trial court erred in granting Peterson's motion for summary judgment on the Parkers' claim of negligent entrustment.

"Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." (Punctuation and footnote omitted.) *Danforth v. Bulman*, 276 Ga. App. 531, 535 (2) (623 SE2d 732) (2005). Therefore, the Parkers were required to show

---

[3] Although the Parkers attempted to assert new details in their motion for reconsideration and in their appellate brief, we cannot consider these assertions. First, they fail to provide evidentiary support to back up the assertions. For example, although they indicate that one of the addresses shown on the invoice came from the accident report, the record contains no copy of that report. Second, the trial court never ruled upon these factors as the notice of appeal was filed before the trial court ruled upon the motion for reconsideration. This court is a court for the correction of errors and it does not consider matters which were not raised and ruled on by the trial court. *Frazier v. State*, 278 Ga. App. 685, 689 (2) (a) (629 SE2d 568) (2006).

that Peterson had actual knowledge that Silviano was incompetent or habitually reckless when he entrusted his vehicle to Silviano. *Western Indus. v. Poole*, 280 Ga. App. 378, 381 (2) (634 SE2d 118) (2006).

Peterson filed his motion for summary judgment on February 9, 2005, arguing that no claim of negligent entrustment could lie because there was no evidence he was aware that Silviano was an incompetent or reckless driver. The Parkers opposed the motion on February 28, asserting that summary judgment was improper because at the time Peterson lent Silviano his vehicle, he knew that Silviano did not have a valid driver's license, citing to both Peterson's and Silviano's deposition testimony. But the referenced depositions were not filed as of record until one year later on February 28, 2006, the day the trial court issued its order granting summary judgment to Peterson. The trial court found that Peterson had successfully pierced the Parkers' pleadings by stating in his affidavit that he had no knowledge of Silviano's driving record or of any prior automobile collisions involving Silviano. And the trial court concluded that the Parkers had failed to point to any evidence to establish a jury issue on their claim because the cited depositions were not on file. Accordingly, the court granted Peterson's motion.

Under OCGA § 9-11-56, once a movant supports his motion for summary judgment, the opponent cannot rest upon the mere allegations of his complaint, but must come forth with affidavits or other evidence setting forth specific facts showing that a genuine issue exists for trial. *Bozeman v. CACV of Colorado*, 282 Ga. App. 256, 257 (638 SE2d 387) (2006). And "[t]he burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon it. See OCGA § 9-11-29.1." *Sheffield v. Zilis*, 170 Ga. App. 62, 64 (2) (316 SE2d 493) (1984). Since the depositions were not filed prior to the time Peterson's motion for summary judgment was ruled upon, the Parkers' references to the deposition testimony cannot be considered. *Dominiak v. Camden Tel. &c. Co.*, 205 Ga. App. 620, 623 (3) (422 SE2d 887) (1992); *Lynch v. Ga. Power Co.*, 180 Ga. App. 178, 179 (348 SE2d 719) (1986). And the Parkers' brief in opposition to the summary judgment motion citing the testimony is not proper evidence for opposing the motion. *Lynch v. Ga. Power Co.*, 180 Ga. App. at 179. Therefore, we affirm the trial court's grant of summary judgment on the Parkers' claim of negligent entrustment. Compare *Snipes v. Housing Auth. of DeKalb County*, 250 Ga. App. 771 (552 SE2d 133) (2001) (vacating summary judgment and remanding for consideration of depositions where all parties relied upon depositions and apparently believed that they had been filed).

However, we reverse the grant of summary judgment to the extent that it purports to issue judgment on all claims against Peterson. Peterson moved for summary judgment only on the Parkers' claim of negligent entrustment, but the Parkers assert that later amendments to the complaint raised additional claims for negligent hiring and respondeat superior. Peterson disputes that they adequately pled a claim for respondeat superior prior to the motion for summary judgment, but concedes that they raised a claim of negligent hiring.

The Parkers had no notice that Peterson was seeking summary judgment as to any claim other than negligent entrustment. "Nothing in the applicable law places a burden on a plaintiff to respond to issues which are not raised in the motion for summary judgment or to present [his or her] entire case on all allegations in the complaint — even on issues not raised in the defendant's motion." (Citation and punctuation omitted.) *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. 319, 326 (2) (612 SE2d 546) (2005). And "the trial court must ensure that party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment." Id. Thus, only the issue of negligent entrustment could be considered on Peterson's summary judgment motion.[4]

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 19, 2007.

*W. Anthony Moss*, for appellants.
*Sharon W. Ware & Associates, Keith R. Foster*, for appellees.

---

[4] As the trial court has not properly considered any issue other than negligent entrustment, we expressly do not address whether the other claims were properly pled or whether the evidence was sufficient to raise a jury issue on such claims. See *Frazier v. State*, 278 Ga. App. at 689 (2) (a).