**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 18, 2015**

# In the Court of Appeals of Georgia

A14A1602.  ASHTON  ATLANTA  RESIDENTIAL,  LLC  v. AJIBOLA et al.

ANDREWS, Presiding Judge.

Olakunle Ajibola and 31 other plaintiffs, homeowners in the Chattahoochee Bluffs townhouse community, filed a civil action against developer Ashton Atlanta Residential, LLC for damages resulting from broken and damaged water lines at the community.[1] Ashton filed a motion for summary judgment, and following briefing and a hearing, the Superior Court of Gwinnett County granted Ashton's motion in part and denied it in part.[2] The trial court granted Ashton a certificate for immediate

---

[1] The Plaintiffs' causes of action included negligent construction and breach of contract.

[2] The trial court granted Ashton's motion on the Plaintiffs' claim for breach of contract. Accordingly, the ruling properly before this Court is the trial court's order concerning the Plaintiffs' cause of action for negligent construction.

review and we granted Ashton's application for interlocutory appeal. For the reasons that follow, we conclude that the trial court erred in denying Ashton's motion for summary judgment on the Plaintiffs' claim of negligent construction, and therefore reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. Further, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*La Quinta Inns v. Leech*, 289 Ga. App. 812 (658 SE2d 637) (2008). We apply a de novo standard of review to an appeal from a grant or denial of summary judgment, "and we view the evidence, and all reasonable conclusions and inferences drawn from

it, in the light most favorable to the nonmovant." (Punctuation omitted). *Layer v. Clipper Petroleum*, 319 Ga. App. 410, 411 (735 SE2d 65) (2012).

The facts of record in this appeal are sparse. Viewed in a light most favorable to the Plaintiffs, the evidence revealed that Ashton served as the developer of the Chattahoochee Bluffs townhouse community in Cobb County. Chattahoochee Bluffs included 224 townhouses, which Ashton built and sold between 2003 and 2004. Of the 32 named plaintiffs, the most recent sale by Ashton closed on December 8, 2004. As of the date of closing on each townhouse sold, including the December 8, 2004 closing, each townhouse was substantially completed, "in that construction was sufficiently completed so that the purchaser could occupy the property for its intended use." In addition, Ashton created a homeowners' association, which it transferred to the residents in 2005.

1. Ashton contends that, because the Plaintiffs filed their complaint on February 5, 2013, the Plaintiffs' action is barred by Georgia's statute of repose. See OCGA § 9-3-51. We agree.

Under Georgia law, "[n]o action to recover damages:

(1) For any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property; [or]

(2) For injury to property, real or personal, arising out of any such deficiency; . . .

shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision or observation of construction, or construction of such an improvement more than eight years after substantial completion of such an improvement."

OCGA § 9-3-51 (a). See also *Wilhelm v. Houston County*, 310 Ga. App. 506, 508 (1) (713 SE2d 660) (2011). Here, Ashton presented testimony that the sale of the last townhouse sold to any of the Plaintiffs closed on December 8, 2004. Furthermore, evidence revealed that on the date of closing, construction of the townhouses was substantially complete. See OCGA § 9-3-50 (2). As a result, the evidence of record demonstrated that the statute of repose would bar any action filed after December 8, 2012. See OCGA § 9-3-51; *Wilhelm*, 310 Ga. App. at 508 (1). Because the Plaintiffs' action was filed February 5, 2013, two months after the date prescribed by the statute of repose, Ashton discharged its burden to point out, "by reference to the affidavits

4

. . . and other documents in the record that there is an absence of evidence to support [the Plaintiffs'] case." *La Quinta Inns*, 289 Ga. App. at 813.

Once Ashton met its initial burden, it became incumbent upon the Plaintiffs to "point to specific evidence giving rise to a triable issue." Id. The Plaintiffs shirked this responsibility. Rather, the Plaintiffs relied upon unsupported statements in their brief in response to Ashton's motion for summary judgment and failed to submit any evidence for the trial court's consideration.[3] Neither the Plaintiffs' complaint nor their brief in opposition to Ashton's motion for summary judgment are proper evidence to oppose Ashton's motion.[4] See OCGA § 9-11-56 (e); *Wellstar Health System v. Painter*, 288 Ga. App. 659, 663 (655 SE2d 251) (2007); *Parker v. Silviano*, 284 Ga. App. 278, 281 (2) (643 SE2d 819) (2007); *Lynch v. Ga. Power Co.*, 180 Ga. App. 178, 179 (348 SE2d 719) (1986). As a result, due to the Plaintiffs' failure to come forward with evidence, summary judgment in favor of Ashton was appropriate. See, e.g., OCGA §§ 9-3-51, 9-11-56 (e). Accordingly, the trial court erred in denying

---

[3] Indeed, even the Plaintiffs' brief to this Court merely recites, and relies upon, unsupported statements from its trial court brief.

[4] It is for this reason that the trial court's findings of fact concerning the Plaintiffs' claims of ownership of the water pipes, and specifically its finding that Ashton "transferred the common area to the home owners' association on or about March 1, 2005" are unsupported by the record before us.

5

Ashton's motion for summary judgment on the Plaintiffs' claim for negligent construction.

The Plaintiffs' reliance upon *Sewell Sales & Svc. v. Travelers Indem. of America*, 255 Ga. App. 531 (566 SE2d 346) (2002) and *Atlanta Gas Light Co. v. City of Atlanta*, 160 Ga. App. 396 (287 SE2d 229) (1981), is misplaced. As a threshold matter, the Plaintiffs presented no evidence concerning the location and ownership of the allegedly defective water lines in response to Ashton's motion for summary judgment. See OCGA § 9-11-56 (e); *Wellstar*, 288 Ga. App. at 663; *Parker*, 284 Ga. App. at 281 (2); *Lynch*, 180 Ga. App. at 179. Next, irrespective of whether the homeowners' association was the owner of the water lines, it remains true that the Plaintiffs' claim is bottomed upon their cause of action for negligent construction (as opposed to damage to realty), which is precluded by OCGA § 9-3-51. See *Rosenberg v. Falling Water, Inc.*, 289 Ga. 57, 59 (709 SE2d 227) (2011); *Feldman v. Arcadis US*, 316 Ga. App. 158, 160 (728 SE2d 792) (2012); *Wilhelm*, 310 Ga. App. at 508-509 (1). In the same vein, *Sewell* addressed a cause of action for damage to realty and the concomitant statute of limitation codified at OCGA § 9-3-30 rather than the OCGA § 9-3-51 statute of repose. 255 Ga. App. at 533 (for purposes of OCGA § 9-3-30 statute of limitation, "for claims made by an owner of real estate for damages

arising out of the negligent installation, design, or construction of someone else's real property, an action for damage to realty accrues at the time of the injury"). Finally, no allegation has been made that the allegedly defective water lines were installed as a public utility, rather than an improvement to real property owned by the Plaintiffs, which could place the Plaintiffs' cause of action under the ambit of *Atlanta Gas Light*. As a result, the trial court erred in denying in part Ashton's motion for summary judgment.

2. In view of our holding in Division 1, supra, we need not consider Ashton's remaining enumerations of error. See *La Quinta Inns*, 289 Ga. App. at 812-813 ("If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards[;] [a]ll of the other disputes of fact are rendered immaterial.").

*Judgment reversed and case remanded with direction. McFadden and Ray, JJ., concur.*