**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 22, 2021**

# In the Court of Appeals of Georgia

A21A0493. THE AUGUSTA CHRONICLE et al. v. WOODALL et al.

BROWN, Judge.

In this interlocutory appeal, The Augusta Chronicle, Gatehouse Media Georgia Holdings, Inc., individually and d/b/a The Augusta Chronicle, and Gatehouse Media, LLC, individually and d/b/a The Augusta Chronicle,[1] (collectively "The Chronicle defendants") contend that the trial court erred in denying their motion for summary judgment in an action filed by James and Jennifer Woodall, seeking to impose vicarious liability for a motor vehicle collision involving a delivery driver for The Augusta Chronicle. For the reasons set forth below, we reverse.

---

[1] The Augusta Chronicle is not an incorporated entity but rather the name by which Gatehouse Media Georgia Holdings, Inc. operates. Gatehouse Media Georgia Holdings, Inc. is a wholly owned subsidiary of Gatehouse Media, LLC.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (Citation and punctuation omitted.) *Hill v. Jackson*, 336 Ga. App. 679, 680 (783 SE2d 719) (2016). "We apply a de novo standard of review to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Ashton Atlanta Residential v. Ajibola*, 331 Ga. App. 231, 232 (770 SE2d 311) (2015).

Viewed in the light most favorable to the Woodalls, the nonmoving party, the record shows that Timothy Cummings, a newspaper carrier for The Augusta Chronicle, was backing out of a driveway after delivering a newspaper in the early morning hours of May 7, 2018, when he collided with a vehicle driven by James Woodall. Woodall sustained serious injuries and subsequently filed a complaint, along with his wife, against Cummings and The Chronicle defendants, asserting that they were vicariously liable for Cummings' negligence. The Chronicle defendants filed a motion for summary judgment, contending, inter alia, that they could not be held vicariously liable because Cummings was an independent contractor rather than an employee. The trial court denied their motion, finding that a genuine issue of

2

material fact existed as to whether the independent contractor agreement was in effect at the time of the collision and that evidence in the record showed that The Augusta Chronicle maintained control over the manner and method of Cummings' deliveries. The court certified its order for immediate review, and this Court granted The Chronicle defendants' application.

1. As in their motion for summary judgment, The Chronicle defendants contend that Cummings was acting as an independent contractor and that they did not exercise sufficient control over the manner and method in which Cummings delivered newspapers. We agree.

"As a general rule, an employer is not responsible for torts committed by its employee when the employee exercises an independent business and is not subject to the immediate direction and control of the employer." *Lopez v. El Palmar Taxi*, 297 Ga. App. 121, 123 (2) (676 SE2d 460) (2009). See also OCGA § 51-2-4.

> In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. Where the contract of employment clearly denominates the other party as an

3

independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control.

(Citation and punctuation omitted.) *Grange Indemnity Ins. Co. v. BeavEx, Inc.*, 342 Ga. App. 601, 602 (804 SE2d 173) (2017). See also OCGA § 51-2-5 (5) ("[a]n employer is liable for the negligence of a contractor . . . [i]f the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference").

In this case, The Augusta Chronicle contracted with Cummings to provide newspaper delivery services as an independent contractor. That contract, titled "Independent Contractor Agreement," specified that Cummings, as an independent contractor,

shall be free to determine his/her own means and manner of providing such services, using his/her own independent and professional judgment. [The Augusta Chronicle] shall not exercise or retain right to control, direct or supervise the manner in which [Cummings] performs his/her services. . . .

Further, Cummings was required to carry his own automobile insurance and use his own vehicle to deliver papers. Cummings was not paid a salary or an hourly rate by

4

The Augusta Chronicle. Instead, Cummings purchased papers directly from The Augusta Chronicle at the wholesale rate. He earned money by keeping the difference between the wholesale price and the retail sales price of the papers he purchased and delivered. Cummings provided his own invoices to, and collected payment directly from, some retail customers. Other customers, including individual subscribers, paid The Augusta Chronicle. Cummings received a 1099 form, was treated as an independent contractor for tax purposes, and did not receive any kind of employee benefits through The Augusta Chronicle.

Each day, Cummings was provided a delivery list, which contained customer addresses and any specific delivery requests relayed directly from the customer to The Augusta Chronicle. Cummings picked up the papers daily from a specified location at whatever time he chose so long as his deliveries were timely. He was required to deliver papers by 5:30 a.m. on weekdays, 6:00 a.m. on Saturdays, and 7:00 a.m. on Sundays. If Cummings was unable to make his deliveries, he was responsible for procuring and paying a substitute. The Augusta Chronicle was not required to approve the substitute. At one point, Cummings started training a second person to help deliver papers on his route without any approval from The Augusta Chronicle. Cummings arranged her payment out of his own funds.

The Woodalls contend that The Augusta Chronicle exercised control over the manner, method, and time of the deliveries because Cummings was required to deliver the newspapers in a certain area, by a certain time, and in a certain manner.[2] However, "[t]he right to control the time of doing the job means the right to control the hours of work. . . . This control over the time, place, and manner of work is distinguishable from the right merely to require certain definite results in conformity with the contract." (Citations and punctuation omitted.) *Ward v. DirecTV LLC*, 342 Ga. App. 69, 71 (1) (801 SE2d 110) (2017). As to the manner of delivery, the record shows that these delivery instructions came from the customers, and not The Augusta Chronicle. Moreover, while Cummings was required to leave the newspapers in a certain place specified by the customers, it was within his discretion how to carry out the deliveries.[3] Consequently, the evidence shows that The Augusta Chronicle only

[2] In support of this argument, the Woodalls also point out that Cummings was required to purchase rubber bands and plastic bags from The Augusta Chronicle. While true, the record shows that delivery drivers were not required to use plastic bags and rubber bands, and it was in their discretion whether to do so.

[3] For instance, for the delivery Cummings was completing when the accident occurred, Cummings was required, by request of the customer, to leave the newspaper on the customer's back porch. On the morning of the accident, Cummings chose to pull into the house's driveway rather than parking in the road and turning on his flashers in order to deliver the newspaper. Cummings also delivered the newspapers on his route in whatever order he chose.

retained the right to require results in conformity with the delivery request, and Cummings retained the right to perform the deliveries by his own means, method, and manner.[4] See *Stubbs Oil Co. v. Price*, 357 Ga. App. 606, 614 (2) (848 SE2d 739) (2020) (defendant could not be held vicariously liable where it hired company and its driver to deliver its fuel products to a retail service station and requested pick-up and delivery be completed during a particular time window but had no input as to the driver or the vehicle used, did not monitor or oversee their actions, and did not dictate driver's route); *BeavEx*, 342 Ga. App. at 602 (affirming grant of summary judgment to defendant on basis that the delivery driver it hired was an independent contractor; contract stated that driver was an independent contractor, and driver used his own vehicle and maintained insurance, was required to satisfy any specific conditions set by the customers, received a 1099 form and did not receive employee benefits); *Thompson v. Club Group*, 251 Ga. App. 356, 360 (3) (553 SE2d 842) (2001) (defendants could not be held vicariously liable for courier's alleged negligence where, inter alia, courier provided his own vehicle and insurance, defendants did not

[4] The Woodalls have raised some arguments with regard to the Independent Contractor Agreement. But even in the absence of the presumption raised by the Agreement, the evidence shows that The Chronicle defendants did not control the manner and method of delivering the papers.

control whether courier hired someone else to assist him, defendants did not provide him with any employee benefits, and defendants did not supervise the performance of courier's services). Accordingly, the trial court erred in denying The Chronicle defendants' motion for summary judgment on this basis.[5]

2. Given our holding in Division 1, supra, we need not address The Chronicle defendants' remaining enumerations of error relating to whether The Augusta Chronicle and Gatehouse Media, LLC are proper parties to this action.

*Judgment reversed. Doyle, P. J., and Reese, J., concur.*

---

[5] In its order, the trial court relied on *Hampton v. Macon News Printing Co.*, 64 Ga. App. 150 (12 SE2d 425) (1940). However, that case, as physical precedent only, is not binding on this Court. Moreover, there was no independent contractor agreement between the parties as in the instant case. Id.